The Court,
(Dana, C. J., Strong, Sedgwick, and Thacker, justices,) without hearing the counsel for the 'defendants, were unanimous and clear that the plaintiffs could not support the action. They said the rule is (universally) that where the parties are equally innocent or equally guilty, melior est conditio possidentis. As no fraud or imposition is pretended to have been practised by the defendant, the Court will presume that, the parties at the time of the transaction were on equal grounds. Any one who had voluntarily given away a sum of money might as well think of recovering it back as the plaintiffs expect to maintain the present action.
The case cited by the counsel for the plaintiffs was decided upon the same rule which we go upon in the present, viz., melior est, &c. Where a promise is made without consideration, the law will not enforce a performance; but leaves the parties as it finds them. So where money has been voluntarily and understandingly paid, upon a contract made bona fide, without fraud, imposition, or deceit, although it was paid without consideration, the law will not compel a repayment; but leaves the parties as it finds them.
Strong, J.,
said that a man who had purchased a lottery-ticket which happened to come up a blank, might with equal propriety say that the contract was nudum pactum, and bring his action to recover back the price of the ticket. Sedgwick, J., mentioned the case of Price and Neale, 3 Bur. 1354, and [ * 67 ] Wade’s case, 5 Rep. 115; of counterfeit * money paid and accepted for rent; which refers to a case in the Year Books.
The plaintiffs had leave to discontinue on payment of costs; as they also had in the case that stood next for trial, which depended on the same question, (a)
Bangs, for the defendant.

 [Wallis, Exr., vs. Wallis, 4 Mass. 135.—Taylor vs. Hare, 1 Bos. & Pulk 260.—Ed.]